## BENJAMIN K. BISSELL vs. DAVID BISSELL.

*Authority is given to justices of the peace, by the statute of February 9, 1791, to require any person, when no proper officer is present, to apprehend and bring before them offenders. But this authority can be exercised only in cases, where an offence has been committed in the presence of the justice.*

THIS was an action of trespass for an assault, battery, and false imprisonment, on the 1st day of August, 1824.

The defendant pleaded in bar, that, on the 31st July, 1824, *Daniel Harvey*, a justice of the peace, made his warrant, under his hand and seal, of that date, directed to the sheriff of the county of Coos, or his deputy, or either of the constables of Colebrook, *James Luther*, of Colebrook, and *Jonathan Parker*, of Columbia, requiring them forthwith to apprehend the body of the said *Benjamin K. Bissell*, and have him before the said *Harvey*, or some other justice of the peace, for examination, touching a complaint made, on oath, against said *Benjamin K. Bissell*, before said justice ; that the said warrant was delivered to the said *Jonathan Parker*, in the absence of the sheriff of said county, his deputy, and the constables of Colebrook and Columbia, he, the said *Jonathan*, agreeing and consenting to serve and return the warrant ; by virtue of which warrant the said *Parker* and the defendant, as his assistant, arrested the said *Benjamin K. Bissell*, and detained him in custody until he was examined before a justice of the peace and discharged.

To this plea the plaintiff demurred ; and the defendant joined in demurrer.

*Sheafe* and *Woodbury*, for the plaintiff.

*Young*, for the defendant.

RICHARDSON, C. J. It is not alleged in the plea, in this case, that *Jonathan Parker* had any other authority to execute the warrant, which was directed and delivered to him, than what he derived from the warrant itself. The question then is, whether the justice was, under the circumstances, authorized in the absence of a sheriff, deputy sheriff, and constable, to require a private individual to execute the warrant ? The statute of February 9, 1791, enacts, " every justice of " the peace, for the preservation of the peace, or upon the " view of any breach of the peace, or of any other transgres-

" sion of law, proper to his cognizance, done or committed,
" by any person or persons whatever, shall and hereby is
" authorized and empowered, in the absence of a sheriff,
" deputy sheriff, or constable, to require any person or per-
" sons to apprehend, and bring before him, any offender or
" offenders." 1 *N. H. Laws* 59.

Upon this clause in the statute it seems to us extremely
clear, that a justice of the peace has authority to require
persons, who are not officers, to arrest offenders only in cases,
where the offence is committed in his presence. The object
of the statute was to enable justices, when a crime is com-
mitted in their presence, to apprehend the offender, on the
spot, and prevent his escape. This is to be done, we ap-
prehend, without a warrant; and the offender can be thus
detained only until a regular complaint and warrant can be
procured, and a proper officer to serve it. 2 *Wilson* 158,
*Davis' Justice* 13 and 54.—1 *Mass. Rep.* 494.

In this case there is no allegation, that the plaintiff had
committed any offence either in the presence of the justice,
or any where else. Indeed the warrant is alleged to have
been issued upon a complaint under oath made to the justice.
In such a case it is clear, that the statute does not apply.

At the common law a justice might direct his warrant to a
private person. 1 *Chitty's C. L.* 38.—*Hawkins, book* 2,
*chap.* 13, *sec.* 11.—*Davis' Justice* 64.

But the common law, on this subject, seems never to have
been adopted here. In the form of the oath prescribed in
the provincial act of 4 *Geo.* I. *chap.* 63, (*Province Laws* 80)
to be taken by justices of the peace, justices engaged them-
selves not to direct their warrants to the parties, but to the
sheriff, his under sheriff, or deputy, constable, tythingman,
or other officer, proper for the execution of the same. The
statute of February 8, 1791, imposes a penalty upon sheriffs
and constables for neglect to serve precepts. 1 *N. H. Laws*
135. But no mention is made of any private person, who
may neglect to serve a precept to him directed. In Massa-
chusetts it has been decided, that a justice of the peace can-
not direct his warrant to a private person. 1 *Mass Rep.* 488,
*Commonwealth vs Samuel Foster.* And we are of opinion, that
the plea in this case must be adjudged bad.