## LONDONDERRY *vs.* DERRY.

The legislature, on the division of a town, may provide, as one of the conditions or terms of the division, that any burdens, to which the whole inhabitants would be subjected by the operation of the general laws in force at the time, shall be apportioned between the towns, so that they will still be borne by the whole inhabitants who would have been subjected to them but for the division ; and in doing this may fix the relative proportion between the towns.

ASSUMPSIT. The third count set forth, that by an act,

passed July 2, 1827, dividing Londonderry, and constituting Derry, it was provided that three-fifths of all personal estate, debts, claims, and taxes, then due to the town of Londonderry, should be the property of Derry, and two-fifths the property of Londonderry; and that Derry should pay to Londonderry $2000, on account of real estate, and also three-fifths of all the debts, dues and liabilities of the old town of Londonderry, including three-fifths of all sums that might be recovered on any suits indictments or petitions, for highways, then pending in any court, or on any petition for a highway through Londonderry, on or near the route described in James Burnham's petition then pending, which might be presented and entered in the court of common pleas, and which was served on the selectmen of Londonderry previously to, or might be served within eighteen months after, the passing of said act, and of all expenses that might be incurred in making said highway, provided that each town should have the right, at its own expense, to defend against such petitions for highways; and that either of said towns might recover of the other, by action on the case, any sum that might be justly due, agreeably to the provisions of said act. It was then averred, that on the second Tuesday of February, 1828, a certain petition for a highway through Londonderry, near the route described in the said petition of James Burnham, was presented to the common pleas in Hillsborough county, and served upon the selectmen of Londonderry on the 28th of May, 1828—that on the third Tuesday of November, 1830, upon the petition so presented the highway was laid out and established, which was afterwards duly made by Londonderry, at an expense of $6639 20, for three-fifths of which sum, amounting to $3983 52, Derry became thus indebted to Londonderry, and promised to pay, &c.

The action was commenced on the 24th of May, 1833, and was tried upon the general issue.

The plaintiffs offered in evidence the act to divide the town of Londonderry, and constitute a new town, passed July 2, 1827.

Also a record of the court of common pleas, establishing a highway through Londonderry, which was laid out upon a petition, as set forth in the declaration.

It appeared that the town of Londonderry had made the said highway at an expense of $6639 20, and that on the 15th of December, 1832, Londonderry demanded of Derry $3983 52, being three-fifths of the said expense.

A verdict was taken for the plaintiffs, subject to the opinion of this court upon the above case.

*Porter* and *Bartlett*, for the defendants, cited 16 *Mass. Rep.* 48, *Norton* vs. *Mansfield; 2 N. H. Rep.* 20, *Union Baptist Society* vs. *Candia; ditto* 508, *Baptist Society* vs. *Wilton;* 16 *Mass. Rep.* 76, *Hampshire* vs. *Franklin; N. H. Bill of Rights,* Art. 15; 3 *Mass. Rep.* 117, *Little* vs. *Frost;* 16 *Mass. Rep.* 16, *Harrison* vs. *Bridgeton;* 4 *N. H. Rep.* 572; 3 *N. H. Rep.* 521, *Bristol* vs. *New-Chester.*

*James Bell,* and *Sullivan,* for the plaintiffs, cited 3 *N. H. Rep.* 521, *Bristol* vs. *New-Chester;* 6 *Greenleaf's Rep.* 112, *Bowdoinham* vs. *Richmond;* 16 *Mass. Rep.* 76, *Hampshire* vs. *Franklin.*

PARKER, J.    The defendants make but a single exception to the maintainance of the action, which is, that the provisions of the act of the legislature, dividing the town of Londonderry, imposes upon Derry no legal obligation to contribute towards the expense of making highways.    And it is argued that so much of the act as attempts to impose upon Derry the burden of maintaining highways, the expense of which would otherwise fall upon Londonderry, has not the force of law, but is unconstitutional and void.

If this is so, there is no doubt that this action is not maintained, because the only foundation for this suit is contained in the provisions of that act.

If the legislature had not the right to enact those provisions, upon constitutional principles, they cannot bind the town of Derry, nor be effectual to sustain an action at law ; but if the legislature possessed the power, the exercise of it is sufficiently clear to entitle the plaintiffs to recover.

No question is made of the right of the legislature to divide the town of Londonderry, and the property belonging to the town, in the manner provided in the act. The right to do this has been settled in the case *Bristol* vs. *New-Chester*, 3 *N. H. Rep.* 521, and the defendant's counsel, so far from controverting the principles of that decision, contend, that not to make a division of the property, in such case, would be to take the property of one, and give it to another.

It is admitted, also, that the legislature may, in such case, provide for the support of paupers, and apportion and distribute other burdens existing at the time, and which, but for the division, would have been borne by the original town.

These principles do not settle this case, but they go far towards indicating the true limit of the action of the legislature, in making such division.

If that body may make a division of the property existing at the time, and apportion the burdens, such as debts, liabilities for the support of paupers, existing highways, &c., it would be difficult, upon any sound equitable or legal principle, to deny their right to annex a condition to the division, having reference, prospectively, to such expenditures and burdens, as, by the ordinary operation of existing laws, might be sustained, in future, by the existing town, in case no division should take place.

The very property on hand, which it is admitted the legislature may divide, and which it is said they ought to divide, apportioning a part to the new town, may have been a fund, provided by the inhabitants of the original town, for

some anticipated exigency, which, but for the division of the town, would fall upon the whole of the inhabitants, and which, by reason of the division, must, in the ordinary operation of law, fall upon but one of the towns, if no special provision was made.

The case before us may furnish an illustration. The act, dividing the town, gives to the town of Derry three-fifths of all the personal estate, debts, claims and taxes due at the time to the original town of Londonderry, and to the new town of Londonderry two-fifths. It provides, at the same time, that the expense of a highway, on or near the route for which a petition was then pending, and which would fall within the new town of Londonderry, if it should be laid out upon that or any other petition presented within a limited time, should be borne by the two towns, in the same relative proportions of three-fifths, and two-fifths.

The highway was afterwards laid—the expense incurred—and this highway, for aught which appears, may be much more for the benefit of the inhabitants of Derry, than for those of Londonderry.

Whether the property divided had been provided in anticipation of the expense of this highway, in order to be applied to its construction, or not, is immaterial. It is sufficient to illustrate the principle, to remark, that if the town had remained without a division, the property, whatever it was, of which Derry by the act was to receive three-fifths, might have been applied to the construction of this very highway— a highway which the inhabitants of that town must have contributed to build, if the division had not taken place. The case therefore bears no analogy to a condition requiring the town of Derry to support a highway in Chester, nor to bear any other burden to which its inhabitants would not have been subjected by the existing laws, had the act of division never been passed, nor to a special act imposing a tax upon a particular town.

It would require a very clear rule to induce us to hold that

Derry was entitled to all the benefits of the act of separation, without being subjected to the burdens imposed by it.

It is not necessary at this time to determine whether the legislature may lawfully impose upon a town, in such case, a special liability to which its inhabitants could not be subjected in the ordinary operation of existing laws.

We hold that the legislature, on the division of a town, may provide, as one of the conditions or terms of the division, that any burdens, to which the whole inhabitants would be subjected by the operation of the general laws, in force at the time, should be apportioned between the towns, so that they will still be borne by the whole inhabitants who would have been subjected to them but for the division ; and in doing this may fix the relative proportion between the towns, and this is all that is necessary to the settlement of this case.

*Judgment for the plaintiffs.*